and others. Arguments not to exceed 15 minutes per side. Mr. Noble for the appellant. Judge Gilman, Judge Clay, Judge Sutton, my name is Jim Noble and I represent Hazel Meadows and Pamela Gilley, the appellants in this case. Judge Clay, I ask the court to allow me to reserve five minutes for rebuttal. Very well. In preparing for today's argument, I looked up an old quote. I'm sure everybody's familiar with it. It's my understanding it comes from James Whitcomb Riley, he's an Indiana poet. And he observed that when he saw a bird and that bird walked like a duck, it quacked like a duck and swam like a duck, he could conclude, as a humorous way of inductive reasoning, that it was a duck. The first problem with this lower court's decision had to do with the court's observation of what should have been the duck. In this case, an actual officer of the state of Ohio. The court ruled that special counsel, who we maintain are private. Your duck non-duck is employee versus independent contractor. That's your duck versus non-duck point? In some respects, yes. So what if I think that's a false dichotomy when it comes to this case and what matters in this case? And that what matters in the material representation here is whether these folks are agents. And it seems to me there's no doubt they're agents of the state. Yet Your Honor, they disclaim agency as a matter of contract with the state. That's specifically stated in their agreements, that they have no agency relationship. No, no, no. They're acting as agents for the state in collecting these debts. They're not disclaiming that. That's the whole point of their agreement. And that's what's accurate, not misleading about the letter. That they are agents acting on behalf of the state? Yes. Well, Your Honor, I think the same could be said with practically any debt collector that's a third party collecting for another entity, is they're acting on behalf of that entity to collect the obligations. The definition of whether or not they're a debt collector, or in this case, whether they should be accepted from that definition turns on a different question, not necessarily agency. I think when we talk about any other debt collection relationship, we don't need to go there. We should talk about ones in which people collect debts on behalf of the state. State's allowed to do this. The state doesn't have to hire a thousand debt collectors, right? It's true. It doesn't have to. This section of the AG's office is allowed to have whatever it has, 10 to 15 people, and then they have a lot more debts than 10 to 15 people can handle, so they can contract out and have these people act as agents of the state to collect the debts. I'm just really puzzled what's so unusual about that. I don't think there's anything unusual about it. I think that that is hard, or far from a mystery, I think it is actually the answer to the question, but that does not accept them from being a debt collector under the FDCPA. Simply because they act on behalf of the state, or are an agent of the state, in fact, does not lead to the conclusion that they are a government officer or an employee of the state that would entitle them to be accepted from the statute. Fair enough. What then is misleading about these letters? They're agents of the state, and the state wants you to use this letterhead. The court's, and this court's, rulings, materiality goes to kind of the heart of whether or not the statement made, or the representation made, tends to mislead or confuse a reasonable, but unsophisticated consumer. So we're not dealing with your honors, or me, or any of the other lawyers or law clerks in this courtroom. We have a pretty sound appreciation of how things work and what things appear, but the least sophisticated consumer does not. In this case, what was presented to these consumers, as your honors have probably seen, is a letter that came on stationary in letterhead with the name Mike DeWine, Ohio Attorney General, and in the other case, the Office of the Attorney General, Collections Enforcement Section. But I mean, even the least sophisticated consumer is, we assume will read the whole thing, right? So they will read where it says Mike DeWine, but they'll also read where it says Eric A.  Jones. Indeed. So to the least sophisticated consumer, the question back is, who sent me the letter? Did I get that from Mike DeWine, or did I get that from, in this case, Eric Jones, or did I get that from the person who inked the signature? Why isn't it crystal clear? Eric Jones, outside counsel for the Attorney General's office. That explains why Mike DeWine's name and the Attorney General's name is at the top. And yet, your honor, the Attorney General has, in open court, informed the district court on more than one occasion that many different telephone calls come to their office with that very question. Who sent me this letter? I'm getting a letter from Mike DeWine. What exactly is this? And they have to tell them to contact the other individual who signed the letter in the case, or in this case, Eric Jones or Mark Sheriff. So I think that to the least sophisticated consumer, there's very little that's clear about that letter. What is clear is that the most prominent observance of that letter is the letterhead itself. I mean, that's the one chief characteristic of a letterhead. When I send somebody a letterhead on my law firm stationary, I want them to know it came from my law firm. And that's why you use stationary. Underneath all of the arguments that we make, our belief is that the reasons for doing this are pretty clear. That it leads and it creates this kind of sense of urgency in that it's coming from Ohio's chief legal counsel. And it creates in that individual a fear and, or at least a prioritization, issue that they should take care of this particular debt before perhaps another. And it is that problem, Your Honor, that I think is the problem. So if there's no letterhead, but it says the exact same thing, outside counsel for the Attorney General's office, what happens to the case? There was never a case. That's what a hypothetical is. No, no, no. That's what I'm saying. There would never be a case, Your Honor. You would agree there's no problem there? Right. Even though it says Attorney General's office? It does. It does describe that and that's accurate. But it doesn't indicate or simulate a document that came from directly the Ohio Attorney General. It just says that, and it could have been said with more clarity, I think, but I don't know that that would rise to the level of the violation that we have in this case. But materiality being what it is, I mean, in our brief, I think we indicated that we think materiality, at least with respect to two of the subdivisions that we have, is really a non-issue. It's already subsumed. If you use or distribute a document that simulates government-issued material that's under E9, the use of it is the violation. It's not the false representation aspect of it in which we have a materiality proof element. And the same will be true under E14, which is using a name that's not your true name in this case. Do you have any case directly on point that supports your position? We had cited, Your Honor, the case of Boyko and I believe J.C. Christensen was the other two cases that indicated that materiality is subsumed into those elements. I mean on your key point that the use of, say, a letterhead like this of the Ohio Attorney General makes it misleading and gives you a right of action under the Fair Debt Collection Practice Act. Well, there were a number of cases, Your Honor, that we did cite. Gratisher was a case from the Eastern District of Michigan in which an individual was using the letterhead of the Sheriff's Department in a similar fashion and that was held to be in violation of E14. That would be the main case. As far as the other cases involving letterhead or use of names not their own, those were all cited in our brief too. Brannon, Pellicci, I think Knight v. Shulman, Keefer was a Southern District case that actually dealt with special counsel. They never reached the issue, but Judge Marbley did lay out what he believed was the test, but that had more to do with the nature of whether or not that individual was an officer or an employee of the state. What happens if it's the Mike DeWine letterhead, Attorney General, and then it says Eric Jones, and then it's the office of the Attorney General, and it says, you know, agent of the Attorney General? So in other words, in my hypothetical, Eric Jones actually works in the office, okay? So the name's the same, Eric Jones, but he actually works in the office. He's a, quote, his name. Got the letterhead. So you still have the same disconnect for the consumer that you're worried about, because they're thinking, did the Attorney General send this to me? Because I see this on the letterhead. And that's, so you have the same confusion problem there. In your hypothetical, Your Honor, aren't you indicating that the Attorney General and an employee of his office actually did send the letter? Well, all it says is agent of the Attorney General. That's all it says, plus an address. I'm sorry. Maybe I misunderstood you. I thought you had said that Eric Jones was actually working in the office. Yes. In my hypothetical, he is. Okay. Well, that would... So I'm saying you have the same confusion. Did Eric Jones send this as agent, because it's signed agent of the Attorney General? Or did Mike DeWine send this? Well, there might be... I know, I don't think you think that's troubling. I don't think your theory of a case would allow that to be troubling, but it seems to me to present the same confusion. Well, the theory of our case is straight to the issue of whether a third party who has no visible connection to the AG, the OAG in this case, other than the letterhead itself. Other than being an agent or somebody under contract where they actually disclaim being an agent. There's an entire contract that goes through point by point what they can and cannot do. And just practically every part of that contract disassociates... But they're an agent for purposes of what they're doing in these letters. As are all third party debt collectors, agents of the... Yes. ...creditors they collect. So if your Honor's analogy is, and I'll finish with this, is that a debt collector simply by being an agent is entitled to an exception to the act... It's just not misleading. They're an agent. They're an agent of the party and the letterhead. What's the problem with that? I'm using their true name. IBM has debt collectors and why can't you send an IBM letterhead and just say you're a debt collector? You're hired by IBM to collect the debt. I think that's the real problem here. If that is the slope that we go down, IBM can appoint somebody as a debt collector. They can use or not use, just not comply with the FDCPA does apply and they use a letterhead but they're an agent and they're not an employee, then they're using a name that's not their true name. Okay. Thank you. Thank you. Counsel, you may proceed on behalf of... Good morning. I'm Boyd Gentry on behalf of Defendants, Appellees Eric Jones and Law Office of Eric A. Jones, LLC. The appellees are in three camps and we'll be splitting our time five minutes each. All right. The special counsel here are not debt collectors because they were authorized by law to perform the duties of the office of the Ohio Attorney General. Ohio Revised Code Section 109.08 specifically permitted the appointment of special counsel. The only problem is that your client and the other defendants are independent contractors who do not purport to be employees of the Attorney General. The contract makes you responsible for all your own expenses and you're paid only out of the money that you collect. You're not drawing money from the state. That makes you far removed from the Attorney General's office except insofar as you're carrying out the specified contract responsibilities, wouldn't you say? And that's where this case comes in is where the special counsel are fulfilling these duties which they are authorized by law to fulfill. But that doesn't make you an officer of the Attorney General because then you're holding yourself out as being a state actor if you're an officer of the Attorney General. What the district court relied on here was the definition of officer from the Dictionary Act saying that you are an officer if you are authorized by law to fulfill the duties of the office. Here it's our position that the Ohio Revised Code specifically authorized the appointment of the special counsel to fulfill these duties. And so to the extent they are not fulfilling these duties, to the extent they may carry on other activities unrelated to the Attorney General, they would not be officers. One argument might be that an officer of the state would be authorized to carry out all the duties of the office that he purports to hold, not just one specified duty, for example that of a debt collector. I mean if an officer of the Attorney General can carry out the duties of the Attorney General, any duties assigned by the Attorney General, that would be one thing. But if you're hired with one specific purpose, which you don't need to be an officer of the Attorney General to fulfill, i.e. collecting debts, then it becomes more problematical as to whether you're actually an officer of the Attorney General. I understand that context. And here we are not arguing that everything that the special counsel might do puts them in a position of an officer under the Dictionary Act. And we're not saying that everything that Mike DeWine could do that the special counsel are authorized to do. They have a limited appointment, but it is an appointment under law authorizing them to take the very conduct that is at issue here. So in that sense, they were fulfilling the duties of the office of Attorney General. They were not involved in criminal investigations or law enforcement investigations that Mike DeWine might take on, but they were involved in fulfilling their duties to collect the debts owed to the state. And that is by statutory appointment. The analysis of employee versus contractor is simply not involved in the definition of officer. And so the idea that someone has a different status, whether they have a W-2 relationship or some 1099 relationship, doesn't factor into whether someone is an officer. The only test is, under this part of this case, were the special counsel authorized by law to fulfill these duties? Do you have any case directly supporting your position on that? Well, it would be the definition in the Dictionary Act. And so I'm relying on the statutory language. Do you have a case that says that? We don't have a case involving special counsel appointed under the FDCPA, no. I couldn't find one either. We do not have that. There are other cases that there was liability found under the FDCPA for persons who were not authorized by law to carry out certain official duties, and they were found to have liability. But here, there was such authorization. Let me ask you this. Since you're an independent contractor, and as you go about collecting these debts, I presume that you do not receive any day-to-day oversight and supervision by an immediate officer or supervisor in the Attorney General's Office. In other words, you're delegated the responsibility to go and collect these debts, and you proceed to do that on your own, pursuant to the provisions of the contract you've entered into with the State. But there's no State employee in the Attorney General's Office that's sitting there supervising what you do as you go about collecting, specifically, each and every debt. Would that be a fair statement? I'm out of time, Your Honor. Is it okay if I respond to that? Yes, yes. It's true that there's no State W-2 employee sitting in the law office of Eric A. Jones every day supervising this. No, no. I mean, is there someone in the Attorney General's Office who's supervising you on a day-to-day basis as you collect these debts? It is a very close working relationship where there is supervision and requests and sharing of information back and forth. But I don't know if you could describe a day-to-day supervision. The Attorney General's Office does control and supervise what is done. Look, if you're an independent contractor, that by definition means no, nobody's supervising you. That's what makes you an independent contractor. Well, I guess it depends. I don't know really what the definition of day-to-day supervision is then, I guess. I'll concede that. Well, if you're given instructions to collect a debt from Maple Jones, you're not...there's nobody in the Attorney General's Office saying whether you should negotiate the debt on Wednesday rather than Friday or whether you're calling her too much or whether you're harassing the client at this particular time. You don't have that level of supervision with the Attorney General, I take it. There's nothing in the record suggesting one way or another on that topic of... Yeah, but you know what the answer is because your client is doing this or not. These specific questions were not addressed. I don't know the answer to them. Personally, how much the question comes is, should you call them tomorrow or is this type of conduct...don't do this, this is harassing. I think there is a mix of that. How much, I don't know. The record...we didn't get that far. The record doesn't show that. Well, I'm not asking what's in the record, but do you know what the supervisory relationship is? At least I hope you do since you're trying to satisfy your client, the Attorney General. I have an understanding of it. I'm not sure if I have facts sufficient to accurately state this for you, Your Honor. All right. Okay. Thank you. Thank you. If it pleases the Court, Counsel, my name is Mike Close. I represent Defendants Sheriff and Wiles Boyle. Judge Clay, I'm going to take the opportunity just to answer that question you asked about supervision. There is no one from the Attorney General's office sitting in the office. However, they review the files on a continuing basis. They pull files back. They reassign files. And more importantly, on a regular basis, they are in the office doing audits to ensure that we're complying with everything we're supposed to comply with. And that would particularly be in the areas, for instance, of security of information and so forth. For instance, you've got to have a segregated place from all the rest that are for these collectors because the information that are on tax returns or that might be in the file with the Social Security number and so forth are absolutely confidential. And that's a good way to lose the contract with the Attorney General, is to not keep that stuff separate according to their very strict guidelines. Secondly, when you look at this case, there's a difference between Meadows and Gilley. Before you go to that point, let me follow up on your first answer there. If the lawyer who's working for the state and doing these debt collections under contract with the state, that lawyer is not working exclusively for the Attorney General, I take it. In other words, he's not assigned to Attorney General matters or debt collection matters exclusively. Since we're outside the purview of what's in the record, I would tell you that that varies. There are attorneys in the state that my belief is that that's all they do is collect for the Attorney General. I know that within the Wiles Law Office, the two attorneys that are assigned primarily to collection do virtually nothing but creditor's work. They don't do other law practice, if that, in fact, is your question. Yes, yes. They don't do anything else. But that's because they want to. I mean, they're not required. No, that's because I told them I had to. Because you told them. Is that what you said? Yes, sir, that's what I said. Now, they are assigned in the office responsibilities, certainly, and that's the limit of those responsibilities. I'd like to just address some attention to one area that I think goes by. And although I'm not conceding anything that Judge Graham did was incorrect, one of the issues that's important as it relates to my clients is that there was no confusion of any kind because the client had been represented by a lawyer and actually had entered into an agreed judgment in 2008 to pay off the debt she owed the state of Ohio for her tuition. She made those payments for years, then all of a sudden calls one of the collectors at the Wiles firm that worked for Mark Sherriff and said, how much do I owe? And if you look at the stuff that is in the file, the collector made a response that said you're outstanding balances so-and-so, let me know if you've got any other questions. Not only was it not a dunning record letter, but there was no confusion because Ms. Meadows knew exactly what she was dealing with. I think that highlights... Didn't Ms. Meadows testify she was confused? I'm sorry? Didn't Ms. Meadows testify that she was confused? I don't know that she ever testified to that, Your Honor. I know that on the issue of whether or not she made the phone call, she said in an affidavit she didn't remember whether she did or not. And of course, our collector had records that the call had been made and this letter had been sent out in answer to it. I don't know that whether or not you can just say I'm confused is accurate because it is so self-serving that I don't know it's worthy of even consideration as far as evidence is concerned when you have been represented by an attorney and have made those payments for a period at that time of roughly four years. Mr. Close, this is a question for you, the Attorney General, and for Plaintiff's son Rebuttal. The way I'm looking at the case has nothing to do with officer-employee. Just forget that. Assume for the sake of our... Just listen. Assume for the sake of our argument the statute applies in that respect. Now the question is, has someone created a false impression as to their source, authorization, or approval, or simulated official communications? And you don't get anywhere without falsity. And what I don't understand about this case is sending a document with the AG's letterhead gives the so-called bad impression as it gives the impression it came from the Attorney General to collect this debt. Answer, it did. That's what an agent does. And so I don't, I'm just, I'm really struggling with what the issue of fact is about a falsity. I don't understand how anyone can say these contracts, special counsel contracts, didn't make each one of these lawyers, non-lawyers who cares, agents of the Attorney General in collecting these state debts. That was accurate from the beginning. Your Honor, I would only say that, although I'm inclined never to concede anything, if I conceded for a minute that officers didn't matter, whether it was an officer, an employee, or any of that, I would agree with you. What on this is inaccurate? We're not saying that we are the Attorney General. We say specifically we're special attorneys. Any more than Eric Jones, if he was an employee of the Attorney General, is purporting to be the Attorney General, of course he's not the Attorney General. When you see one name saying Mike DeWine and another name being not Mike DeWine, of course it is an agent of the Attorney General. It matters not whether it's an independent contractor, an employee, or some other relationship between principals and agents. Your argument is well made, Your Honor. Thank you. Good morning and thank you. I'm Assistant Attorney General Chris Conomey, and I'm authorized to represent the intervening defendant appellee, Mike DeWine, because I've been appointed to do so pursuant to his statutory authority. It has nothing to do with my manner of supervision or the way I am paid. It is the appointment that gives me authority to stand here and represent him and, at times, the State. To get right to your point, Judge Sutton, there is nothing false here. The decision of the District Court must be affirmed because regardless of the officer, employee, debt collector definition, there's nothing deceptive in the accurate portrayal of the relationship in this case. It must also... I think the response they're going to give, and I want to make sure you have a chance to respond to it, is well this line of argument would not just apply to States when they have special counsel. What would happen with, say, IBM when they have debt collection is the to make it analogous, but clearly an agent of IBM authorized to collect these debts, just now, just like this case, can they use IBM letterhead as long as they indicate it under their signature, outside counsel, special counsel, to IBM for purposes of collection of the debt? My understanding is that that would not be acceptable under the FDCPA, but here is the brings me to my second point, that in order to prevail... Why is that, from the perspective of what's potentially misleading, I'm struggling with why one is misleading and one is accurate. In this case, the independent contractor relationship is as irrelevant as the officer-employee distinction because it is the statutory appointment that creates the authority to act. It's, for instance, a special... There's no statute for IBM to appoint an individual, but frankly, this is getting a little outside of what I think the important point of this case, from our perspective, is that the State of Ohio is different than a corporation in that, in order for the defendants to prevail, they need to manufacture an unwarranted intrusion of federal law into State activity. The State is authorized, pursuant to statute, to appoint people to represent it in whatever manner. The FDCPA cannot regulate how the State appoints individuals to act with the authority of the State. But the federal government can define, through this act, who is a debt collector or not. Absolutely, and that is irrelevant to the ultimate outcome, which the district court found in the alternative, assuming that they're not officers or employees. They are debt collectors. There's no deception. They are acting on behalf of the State, through the office of the Attorney General, through their appointment. Let me ask you this. What is thought to be accomplished by putting this on these letters on Attorney General Letterhead? There must be some advantage to the Attorney General in doing that. Otherwise, he wouldn't ask that that be done. So what's thought to be accomplished with that? Certainly, there is an advantage, both to the State and to the debtor. Here's the problem. The debtors are claiming that there's a sense of urgency created here. And it is absolutely appropriate, because there are remedies available to the State in collection of debts that are not available to IBM or any other private company. Tax refunds can be taken. Lottery winnings, casino earnings, winnings can be taken. These are things that private corporations can't do. And it also helps to clarify that, yes, this is from the State. Certainly, we do get a lot of calls. Is this real? And the answer is yes. So this is to get the debtor to prefer the debt with the State over and above his other corporations, other debt collectors, that the debt to the State as a result of this would be made in the minds of many consumers to come first. If their tax refund is at issue, I think that is a good reason to put it first. And that is not prohibited under the FDCPA. A sense of urgency is not prohibited, only deception. But if the consumer thinks that there's a legal requirement to put that debt first, because it's coming from the Attorney General, when there is not a legal requirement to put that debt first, if that's the outcome of all this, then it is misleading. The FDCPA prohibits deception, not confusion. Confusion is not prohibited. Well, if you create confusion deliberately to have an advantage over other similarly situated collectors, that might be a problem under the Act. I have also run out of time. But again, I'd be happy to respond. Well, you can respond, Judge Sutton. That's a question. Again, it is to the consumer, the debtor's advantage also to respond. You know, they have to prioritize their debt payment if they're getting multiple notices. If their tax refund is at issue in one instance and not in another, I believe they deserve fair warning of that. And that is also part of the reason. But that's not what the letter, the letter doesn't tell them that. It doesn't tell them that they're subject to being arrested. So what's your, what's your, all right, okay. I think Judge Sutton has a question. Yes, Your Honor. I'm not sure I understand your theory of the case. So just let me know if this isn't making sense. I mean, your point about Congress and the FDCPA not interfering with states and how they organize their operations. I guess if I were on their side, I would say, well, that's taken care of by the exemption. And that's, hang in there. So that takes you back to the officer-employee question. But if you don't fit under that, it seems funny to still talk about federal state. It seems like that's where they address that. And if it doesn't work here, you're back to being like IBM. So now explain to me your answer before why there's a falsity when IBM does it and not the state. So just hear me out. The point I'm making is the letterhead is not a lie. It's not misleading. Because what's going on is the person is engaged to act as the state, and specifically the Attorney General, to collect this. And I, what I'm, I'm sure it's black-letter law. And that's why you're conceding it. You just need to explain it to me. When IBM does it, and everything is exactly the same as here, except there's no statute behind all of this. But IBM hires this person at the bottom of their, you know, maybe to make it just like, it says IBM letterhead, CEO, such and such. And then you have the signature line, Eric Jones, counsel to IBM for purposes of collecting debts. Why is that misleading? I mean, it is from IBM. They've been hired to be an agent to collect this debt. I'll concede for argument that it may be a violation of the FDCPA. Why? Why? I don't understand why, though. What's misleading about it? Well, the debtors here are pursuing a theory that the FDCPA permits only one true name. And no matter how many names may be true, only one of them is permitted under the FDCPA to be true. Is there authority for that? I mean, is that in the statute of the regs? They make an argument based on the use of the singular rather than plural, again, ignoring the Dictionary Act in making that argument. But assuming all that is true, here is my point. Because the state has created a system where more than one name is, in fact, true, where it is special counsel and the attorney general working pursuant to a statutory arrangement. There, for them to prevail, they need to create a regulation under the FDCPA that prohibits the state from using two true names. There, for them to prevail, it would be a backdoor regulation that would not allow this relationship to be truly disclosed in the letter. Is there a case law that says you can't do my hypothetical in the private setting where you have IBM letterhead, and it's someone who's not a, quote, employee of IBM, they're a debt collector, but they're an agent for IBM? It's true. This is an IBM debt, and they're collecting it for IBM. And when it's collected, money's going back to IBM. There's no lie. There are cases that have used, for instance, a sheriff's letterhead that have been found to violate the FDCPA because the collectors acting for the county in that case did not have the statutory appointment that is at issue here. And I'm sorry I don't have that case name at the tip of my tongue right now. I'm pretty sure the debtor's counsel could tell you that case. There is case law that addresses that. I see. But their application of the FDCPA in this case would prohibit two names from being true, whereas the statute that allows the appointment for debt collection here. Does the attorney general require this letterhead or not? The special counsel are directed to use it, yes, because the state would like people to know when communications are coming from the state. The state law says it's only in connection with tax liability that the letterhead should be used, right? We don't read that as being a prohibition on other uses. And even if that were the case, if I were to concede that to the debtors in this case, that still does not mean that it is false in violation of the FDCPA. I think the better way to put it is it'd be ambiguous. And the attorney general has administrative deference in terms of construing what he can and can't do. And he's decided to say, I'm requiring it. And I would agree wholeheartedly with that. I've gone way over my time. Thank you very much. Judge Gilman, you had asked earlier about the definition. I'm not going to spend a lot of time on the issue of officer or employee, at least in this context, whether there was an opinion that actually said that. And we couldn't find anything either, obviously. But we did find the Supreme Court's advisory opinion concerning special counsel. And we've cited that. I wanted to commend that further to you for further reading and or review, if you haven't already, in which the advisory committee did indicate that special counsel are really just independent contractors. They hold no office. They take no oaths. They act purely at the... Do you have a two-name theory? Is that your... Do you see it being fair in characterizing your theory as a two-name theory? Well, I wouldn't call it a two-name theory. I would call it a true-name theory. Because the two-name or true-name theory runs into the hypothetical I already asked you about, where you have the employee with one name and the letterhead having another. So that confirms to me there is no such two-name problem, right? Because you agree if an employee of the office had sent this, we're fine, right? Right. Okay. So how do you answer the IBM thing? It sounds like there's good authority for you on that. Explain to me how that authority works and why it is an inaccuracy when the person is an agent and they have authority to collect this debt for their principal. I will answer that. In that respect, it's doing everything an employee does, and I just don't get it. I will answer that, Your Honor. But first, I want to reinforce and maybe convince you that this letter... These letters didn't come from Mike DeWine. They didn't come from the Attorney General's office. You're struggling with the notion that they did, because these are agents or these are somebody who was contracted with to send them on their behalf. That doesn't mean they came directly from the OAG. In fact, they came from the law office of Eric Jones. That is the business entity that prepared that letter, spent the resources to stuff the envelope and send that letter out. It did not come from Mike DeWine. I'm just looking for material falsities is all I'm looking for. And what seems to me problematic for your position is I don't see a falsity. To me, the AG is collecting debts on behalf of the state, and the AG can do that to employees. The AG could do it only by himself, or the AG could do some combination, including outside counsel, where outside counsel are agents of the AG for purposes of collecting that debt. And so I just don't get the falsity. The principal in every setting is either the AG or the state, however you want to look at it. And so why is that false? I mean, to the extent the anxiety created in the recipient is, ah, this is coming from the state. This is coming from the attorney general. That's right. It is. That's not a lie. That's where it's coming from. It's coming. And that's where the money's going back. That's actually the money doesn't go back to the OAG. Not all of it. Not all. Well, it goes back to them. Some of it goes to the state, and some of it goes to the individual. But, Your Honor, that's true with any debt collector. In a contingency relationship. Then show me this case that shows why my IBM hypothetical, because I think that's your best response. Just tell me the cases that say, no, no, no, you can't have IBM Letterhead, an outside debt collector, and signing Eric Jones, counsel or whatever, agent for IBM and collecting debts. Anthus, Boyko, I'm trying to think. They respond to the point. I'll read those cases. They respond to the point that there's not a falsity because the person really is an agent for IBM or the AG in collecting this debt. They will tell you that one party, an individual, or a business has a true name. And if you are collecting outside of that true name, then you are violating that part of the... True name is the AG or IBM. No one's denying the true name. No, the true name of the debt collector. It's not the creditor. It's back to two names. And that proves Mike DeWine cannot even do this with employees. Because you're going to have two names on those letters. You're going to have the letterhead with DeWine, and you're going to have the employee's name, Pat Smith, whatever it is. Doesn't that really explain why, under the statute, they accept out officer and employees? It doesn't say agents. It just says officers or employees, not agents. So, if an employee actually signs it, there is no FDCPA problem. There is no reason to question whether or not it came from a name other than the true name, because the FDCPA doesn't apply. Same thing if Mike DeWine penned the letter. It doesn't apply. An agent, however, it applies. And you have to be clear. You wrote, Your Honor, in less than a month ago, that simply because something is, well, a truth doesn't necessarily mean it doesn't mislead. And you wrote that in your Buchanan decision. I think it came out last month. In this case, there might be some truth to the relationship. Nobody's denying that. They're hired. There's a contract. But it doesn't mean that they're the ones that created this letter. They put it on the letterhead of the state. The individual that receives that thinks that Mike DeWine wrote it. In fact, they have no choice. Well, errors in legal judgment, the Supreme Court's ruled, and I think this court's preceded the Supreme Court in ruling that way, are not defenses to the statute. So the Attorney General can't say, I want this all on letterhead? Because that's the ultimate upshot of your position. Your Honor, even the state law says he can't do that, except for tax debts. No, I mean, it just says for tax. It doesn't say the opposite. It says special counsel. You have to agree there's ambiguity there. Well, I don't see it as ambiguous, because there's a directive that says special counsel shall use the letterhead, but only in connection with collection of tax debts. To me, that's very clear. Your theory of the case, then, would be it's okay in tax settings to do just this thing. Yes, because taxes are not debts under the FDCPA. And I think that's probably, without digging too deeply, just an educated guess there would be that that's why that exists. They want the advantage of being able to use the debt collector's letterhead. I guess you've run way over your time. I'm sorry, Your Honor, yes. I guess we should wrap this up. Thank you. Thank you. And the case is submitted. You may call the next.